IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ERWIN DEXTER WYNN-BEY,       *
       Plaintiff

                         *

      v.                  Civil Action No.  RWT-12-3121

                         *

KENNETH A. TALLEY,  et al.,
       Defendants        *

                     ******

## MEMORANDUM

      In this action, Plaintiff alleges that his constitutional rights were violated by Defendants during his pending state court criminal proceedings. [1]  ECF No. 1.  The language used in and the documents attached to the 130 page complaint are consistent with the "flesh and blood" defense[2] frequently raised in this Court in criminal prosecutions and soundly rejected.  For the reasons set forth below, the Court concludes that dismissal is appropriate.

      To the extent that Wynn is attacking his pending criminal charges or is seeking to remove his state criminal case to this court,  his action is also construed as containing habeas corpus claims under 28 U.S.C. § 2241.

      A district court will generally not intervene in ongoing state court criminal matters until the state judicial remedies available to a petitioner have been fully exhausted.  *See Huffman v. Pursue,*

---

[1]      Charges were originally filed in the District Court for Charles County on March 27, 2012.  The state court docket shows that the criminal case was transferred to the Circuit Court for Charles County on November 15, 2012.   Plaintiff is awaiting a jury trial on one count of second-degree assault.  *See State v. Wynn*, Criminal Number 08K12000973 (Circuit Court for Charles County).  No trial date is currently scheduled as the case has just been transferred to the Circuit Court due to Plaintiff's request for a jury trial.
*See* http://casesearch.courts.state.md.us/inquiry/inquirySearch.jis.

[2]      *See, e.g., United States v. Mitchell*, 405 F. Supp. 2d 602, 604  (D. Md. 2005) (criminal defendants raised meritless flesh and blood defense by asserting court had no jurisdiction because they had not consented to the proceeding against them).

*Ltd.*, 420 U.S. 592, 609-610 (1975).  Moreover, for a federal court to exercise its habeas corpus power to stop state criminal proceedings, "special circumstances" must exist.  *See Braden v. 30th Judicial Circuit*, 410 U.S. 484, 489 (1973); *Dolack v. Allenbrand*, 548 F.2d 891, 893 (10th Cir. 1977).  Such extraordinary circumstances include: bad faith prosecution; prosecution under patently unconstitutional statutes; or prosecution before a biased state tribunal.  *See Younger v. Harris*, 401 U.S. 37 (1971); *Moore v. Sims*, 442 U.S. 415 (1979).  Wynn has not exhausted his state court remedies.  Further, assuming, without deciding, that he has raised viable claims under the United States Constitution, his allegations do not raise substantive grounds for federal court intervention in his pending state prosecution by means of a pre-trial § 2241 habeas petition.  *See, e.g., Dickerson v. Louisiana*, 816 F.2d 220, 226 (5th Cir. 1987).  The merits of the habeas petition shall not be considered by this Court.

Alternatively, insofar as Wynn is seeking to remove his state criminal prosecution to this Court, the Court finds that removal shall not be permitted.  The applicable statute provides that a defendant "desiring to remove any criminal prosecution from a State court shall file in the district court of the United States for the district and division within which such prosecution is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant ... in such action." 28 U.S.C. § 1455(a).  The statute further provides that  a "notice of removal of a criminal prosecution shall be filed not later than 30 days after the arraignment in the State court, or at any time before trial, whichever is earlier...." 28 U.S.C. § 1455(b)(1). In addition, the statute states that the "district court in which such notice is filed shall examine the notice promptly.  If it clearly appears on the face of the notice and

2

any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand." 28 U.S.C. § 1455(b)(4).

Wynn has failed to comply with the pleading requirements or to show that he has been denied or cannot enforce a specified federal right in the state court respecting this prosecution. The Court, therefore, lacks jurisdiction over the matter. *See Johnson v. Mississippi,* 421 U.S. 213, 219 (1975).

To the extent Wynn intended to file a civil rights Complaint his case is also subject to dismissal. A Court is not obliged to ferret through a Complaint, searching for viable claims. The instant Complaint "places an unjustifiable burden on defendants to determine the nature of the claim against them and to speculate on what their defenses might be" and imposes a burden on the court to sort out the factual basis of any claims fairly raised, making dismissal under Rule 8 appropriate. *Holsey v. Collins*, 90 F.R.D. 122 (D.Md.1981); *see also Spencer v. Hedges,* 838 F.2d 1210 (Table) (4th Cir. 1988). Although district courts have a duty to construe self-represented pleadings liberally, Plaintiff must nevertheless allege facts that state a cause of action. *See Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (duty to construe liberally does not require courts to conjure up questions never squarely presented).

The instant Complaint does not comply with the requirements of Fed. R. Civ. Proc. 8(a)(2) which requires "a short and plain statement of the claim showing that the pleader is entitled to relief," and Rule 8(e)(1) requires that each averment of a pleading be "simple, concise, and direct." A pleading must give the court and Defendants "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swirkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002) (*quoting Conley v. Gibson*, 355 U.S. 41, 47 (1957)). A Court may dismiss a complaint that is "so confused,

ambiguous, vague or otherwise unintelligible that its true substance, if any, is well disguised."

*Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir.1988).  Here, the Complaint, 130 pages in length, and

accompanied by 388 pages of attachments,  is not a "short and plain statement," nor is it "concise

and direct," and the convoluted narratives, together with the bizarre legal analysis and legal

conclusions render the Complaint incomprehensible. As such it does not provide this Court or any

potential Defendants "fair notice" of the claims and facts upon which they are based.

      In light of the foregoing, this case shall be dismissed.  A separate Order follows.


Date: <u>November 27,  2012</u>          <u>              /s/              </u>
                                             ROGER W. TITUS
                                    UNITED STATES DISTRICT JUDGE